EMMA DUNBAR AND HER SISTER, Respondents, v. MOSES FIFIELD, Appellant.

**Kansas City Court of Appeals, November 5, 1900.**

Trial Practice: PEREMPTORY INSTRUCTION: PERFORMANCE: TENDER. In an action on a promissory note the defense was the failure to perform the contract out of which the note grew, the defendant's testimony tended to show the note arose out of the contract and his offer to pay the note on the delivery of the deed required by the contract and the refusal to deliver. Held, the case should be sent to the jury and it was error to direct a verdict for the plaintiff.

Appeal from the Linn Circuit Court.—*Hon. John P. Butler,* Judge.

REVERSED AND REMANDED.

*C. C. Bigger* and *A. A. Bailey* for appellant.

Where there is any evidence, however slight it may be, and whether direct or inferential, it must go to the jury who are the exclusive judges of its weight and sufficiency, and in such case instructions in the nature of demurrer to the evidence are properly refused. Taylor v. Short, 38 Mo. App. 21; Grant v. Railroad, 25 Mo. App. 227; Matthews v. Railway, 26 Mo. App. 75; Bank v. Bank, 151 Mo. 320; Twohey v. Fruin, 96 Mo. 104; Charles v. Patch, 87 Mo. 450.

*Scott J. Miller* for respondent filed argument on the facts.

ELLISON, J.—This action is on a promissory note for $200. At the close of the evidence in defendant's behalf the trial court directed a verdict for plaintiff on the note.

It appears, as near as we can gather from the record, that defendant's deceased wife was a half sister to these plaintiffs. That at her death she left this defendant and these half sisters and perhaps others as her heirs. There was a settlement between defendant and the other heirs of his wife.

Defendant testified that he "did not owe the heirs of his wife anything" and that "they claimed my wife brought into the estate" $350. We are not certain that we understand this last statement. At any rate it is clear that defendant meant by his testimony to show that in the settlement between him and the heirs they claimed of him $350 and that he had given them $160 worth of property leaving $190 yet due as they claimed; that they had purchased a "shroud" for $10 and he gave them the note in suit for $200. They, on their part, to convey to him certain real property, or rather, to deliver a deed (then made out) to him for such property when he paid the note. He afterwards offered to pay the note on delivery of the deed which delivery was refused, or, at least, not made. Under this state of the evidence the case should not have been taken from the jury.

Plaintiff contends that defendant's own testimony showed he owed plaintiffs the amount of the property and of the note. But it is clear that he did not intend to be understood as owing them that independent of and apart from, the settlement. He, perhaps, may be said to have owed it by the settlement, but a *part* of the terms of the settlement was the deed to the land.

The judgment is reversed and cause remanded. All concur.